# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| AARON FRANCIS LANGLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIV-20-966-R |
| | ) | |
| SCOTT NUNN, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

 Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Shon T. Erwin for preliminary review. On April 29, 2021, Judge Erwin issued a Report and Recommendation wherein he recommended that the petition be denied. The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation, which gives rise to this Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

 Following a jury trial, Petitioner was convicted of assault and battery with a deadly weapon in the District Court of Cleveland County.[1] (Doc. No. 1). As a result, he was sentenced to fourteen years imprisonment. (Doc. No. 1). Mr. Langley filed a direct appeal,

---

[1]  The Report and Recommendation erroneously states that the conviction was in the District Court of Oklahoma County.

and the Oklahoma Court of Criminal Appeals affirmed his conviction. Thereafter Petitioner sought post-conviction relief from the District Court of Cleveland County, which denied his request. He appealed the denial to the Oklahoma Court of Criminal Appeals, which affirmed the decision of the District Court of Cleveland County. Petitioner now seeks § 2254 relief raising fifteen grounds for relief. Judge Erwin, having examined each of Petitioner's claims, recommends that relief be denied. Petitioner's objection challenges Judge Erwin's recommendation as to Grounds Two, Three, Four, Six, Seven, Eight, Ten, Eleven, Twelve, Fourteen, and Fifteen.

In Ground Two Petitioner argued that the trial judge erred in admitting inadmissible other crime evidence, which the judge had previously ruled—via motion in limine—was inadmissible, in violation of his due process rights. Petitioner raised this issue on direct appeal and the Oklahoma Court of Criminal Appeals affirmed the trial court's decision that Mr. Langley had placed his character for peacefulness or nonviolence at issue, and therefore Kirk Dawson could be impeached with Appellant's 2010 conviction for Corporal Injury to Another Person. (Doc. No. 13-3, p. 4). The Oklahoma Court of Criminal Appeals concluded the trial court had not abused its discretion in permitting the questions. The Oklahoma Court of Criminal Appeals did not, however, address the due process component of Petitioner's claim. As a result, Judge Erwin recommends the Court conduct a *de novo* review of the issue.

In assessing Petitioner's due process claim, Judge Erwin concluded that, in light of the quantum of evidence of Mr. Langley's guilt, the other-crimes evidence was not so unduly prejudicial that it rendered his trial fundamentally unfair. In his objection to the

Report and Recommendation, Petitioner asserts that it was prejudicial but presents no basis from which the Court can conclude that Judge Erwin's conclusion was erroneous such that the Court should not adopt his conclusions.[2]

In Ground Three Petitioner argued that the evidence was insufficient to support his conviction for assault and battery with a deadly weapon because the State failed to prove that he did not act in self-defense. Judge Erwin concluded that Petitioner was not entitled to relief because the Oklahoma Court of Criminal Appeals addressed the claim on the merits and that decision was not contrary to, nor an unreasonable application of, clearly established federal law. As with Ground Two, the objection to Ground Three provides no basis for the Court to reject or modify the Report and Recommendation. The jury heard Defendant's version of events and was instructed as to self-defense, including the appropriate burden of proof, which lies with the State.

Petitioner also objects to Judge Erwin's findings as to Ground Four, wherein Petitioner argued that the evidence was insufficient to sustain the conviction for assault and battery with a deadly weapon, challenging whether the pocketknife with which he stabbed the victim qualified as a deadly weapon, because the State failed to prove that the force and/or weapon used was likely to produce death. Judge Erwin concluded that Petitioner failed to establish that the Oklahoma Court of Criminal Appeals' decision on the merits was contrary to or an unreasonable application of clearly established federal law or that its

---

[2] In his Reply brief Petitioner included an Addendum to Ground Two. The addendum sets forth a list of Oklahoma cases and a summary of the holdings which generally address the authority of an appellate court to modify a sentence. Those cases, however, are not relevant to the outcome of this federal petition, where the issue is whether Petitioner's constitutional rights were violated such that his conviction should be overturned.

decision was based on an unreasonable determination of the facts in light of the evidence presented. In his objection Petitioner argues:

> State relies on elements of the lesser which they put into the greater this is reversible error. Mr. Goodwin's injuries were not life threatening dr. testimony clearly says if left untreated could have resulted in death. But what actual treatment did he receive. 31 staples No surgeries No antibiotics. I'm no doctor but if a wound could potentially kill someone I think it would require a lot more than just stapling it shut. This clearly falls under bodily harm and not great bodily injury. The prosecution failed to meet all the elements of the crime charged.

Doc. No. 20, p. 2. In resolving a sufficiency-of-the-evidence claim, the Court asks "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). That is, "[a] reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011). Having reviewed the Report and Recommendation, and Objection and the relevant portions of the state court record, the Court finds no basis for rejecting or modifying the Report and Recommendation with regard to Ground Four of the Petition.

Petitioner challenges the Report and Recommendation as it relates to Ground Six of his Petition wherein he argues that his rights were violated when the trial court erred in admitting Officer Zerby's testimony that Petitioner did not act in self-defense, contrary to a motion in limine ruling made before trial. Judge Erwin recommends that the Court apply an anticipatory procedural bar to Ground Six, because Petitioner did not raise the issue on

4

direct appeal or during state post-conviction proceedings.[3] As a result, and pursuant to Okla. Stat. tit. 22 § 1086, the Oklahoma Court of Criminal Appeals would likely find the claim barred. As explained in the Report and Recommendation, the anticipatory procedural bar is not an insurmountable obstacle. Rather, a petitioner may overcome application of the bar by demonstrating cause and prejudice for the default or by establishing that a fundamental miscarriage of justice has occurred—that is, a credible showing of actual innocence. Judge Erwin concluded that Petitioner had made no attempt to establish cause and prejudice and therefore, the Court should not address the merits of the claim.

In his objection to the Report and Recommendation Petitioner argues:

> To establish cause and prejudice simply look at the facts a judge in good standing ruled on a motion in limine to bar this testimony from Officer Zerby because of its prejudicial nature. The court system is not above the law and the Judge's ruling in a motion in limine must be held. This clearly violated my XIV & VI Amendment right to a fair trial as this motion in limine was done at a preliminary hearing. It therefore passes the cause and prejudice test set forth in Coleman v. Thompson. This is clearly something external and cannot be fairly attributed to him now couple Zerby's testimony with prosecutor's remark "Well all the evidence is and I think Officer Zerby is a bit more of a reliable witness than Mr. Dawson." Conviction must be reversed.

Doc. No. 20, p. 3. Petitioner misunderstands the standard he must meet. Petitioner must establish that the failure to raise this issue, either on direct appeal or in post-conviction proceedings, was the result of some factor external to him. Petitioner could have argued, for example, that counsel was constitutionally ineffective in failing to raise the issue, and that he was prejudiced by this failure. The argument set forth in the Objection is merely a

---

[3] The anticipatory procedural bar also applies to the arguments addressed in the Report and Recommendation at footnotes 3, 5, and 11.

re-stating of why Petitioner believes Officer Zerby's testimony was prejudicial. Because Petitioner has failed to avoid application of the anticipatory procedural bar, the Court declines to address the merits of Ground Six.

In Ground Seven Petitioner argues prosecutorial misconduct, citing four specific instances of alleged misconduct. As noted in the Report and Recommendation Petitioner raised this issue on direct appeal and the Oklahoma Court of Criminal Appeals concluded he was not entitled to relief under a plain error standard. In his objection Petitioner focuses on only one of the four areas of alleged prosecutorial misconduct, arguing in part that "Clearly when state's prosecutors tell the jury what a witness does or does not know that is vouching." (Doc. No. 20, p. 4).

> [T]he OCCA applied a "plain error" standard to this claim. Notably, "Oklahoma's formulation of the plain-error standard is virtually identical to the constitutional test for due process." *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015). So when the OCCA "rejected [Petitioner's] claim under the plain-error standard, the decision effectively disallowed the possibility of a due process violation." *Id*. This Court must then defer to the OCCA's ruling unless it "'unreasonably applied'" the due process test. *Thornburg v. Mullin*, 422 F.3d 1113, 1125 (10th Cir. 2005) (internal brackets and citation omitted); *see also Eizember v. Trammell*, 803 F.3d 1129, 1138 n.1 (10th Cir. 2015) (holding the court would apply deference to the OCCA's plain error analysis).

*Nazario v. Allbaugh*, No. CIV-16-1243-HE, 2018 WL 1751019, at *3 (W.D. Okla. Feb. 13, 2018), *report and recommendation adopted*, 2018 WL 1750744 (W.D. Okla. Apr. 11, 2018), *aff'd*, 761 F. App'x 858 (10th Cir. 2019). Judge Erwin recommends that the Court conclude the statement did not render Petitioner's trial fundamentally unfair. The Court agrees.

"[A] prosecutor's discussion of a witness's credibility is not per se vouching."

*Hanson v. Sherrod*, 797 F.3d 810, 837–38 (10th Cir. 2015)(citing *Hanson I*, 72 P.3d at 50

n. 28). Because Petitioner merely contends in his objection that discussing credibility is

tantamount to vouching, which is not the state of the law, the Court finds no basis in his

objection for rejecting the Report and Recommendation as to Ground Seven.

In Ground Eight Petitioner complains about the trial court's failure to *sua sponte*

instruct the jury as to the lesser included offense of assault and battery with a dangerous

weapon. Although Petitioner objects to Judge Erwin's conclusion that habeas relief is

inappropriate, his claim lacks merit. Habeas relief is only available when the decision of

the state court is contrary to or an unreasonable application of clearly established federal

law. "The Supreme Court has never recognized a federal constitutional right to a lesser

included offense instruction in non-capital cases." *Dockins v. Hines*, 374 F.3d 935, 938

(10th Cir. 2004) (citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)). Absent such a

right Petitioner cannot prevail on Ground Eight.

Petitioner's next objection is to the recommendation with regard to Ground Ten. In

Ground Ten, similar to Ground Two, Petitioner complains about the testimony of Officer

Zerby. In his objection Petitioner merely reiterates his prior arguments, that "[a] judge in

good standing made a ruling that was broken. Officer Zerby's comment was improper and

inadmissible. See the motion in limine a court must uphold its own ruling and the laws of

the land." (Doc. No. 20, p. 4). Nothing in Petitioner's argument provides a basis for

rejecting or modifying the Report and Recommendation and accordingly, the Court adopts

the Report and Recommendation as it applies to Ground Ten.

Ground Eleven of the Petition asserted that Petitioner's counsel was constitutionally ineffective in a number of ways. The Report and Recommendation considered each of Petitioner's contentions of ineffective assistance of counsel claim and rejected them. In his objection Petitioner argues:

> Trial counsel was in fact ineffective. A lawyer who gets a motion in limine rules on in her favor then breaks that motion not once but on two motions in limine is clearly ineffective. One could argue if trial counsel did not break her own motions in limine prosecution could not have brought up inadmissible other crimes evidence and officer Zerby could not have told the jury this was not self defense. Trial counsel was clearly incompetent.

(Doc. No. 20, p. 5).[4] The Report and Recommendation thoroughly addresses each of Petitioner's contentions in his ineffective assistance of counsel claim and concludes that the Oklahoma Court of Criminal Appeals' decision was not contrary to nor an unreasonable application of clearly established federal law. Nothing in Petitioner's objection undermines Judge Erwin's conclusion.

In Ground Twelve Petitioner argues that cumulative error deprived him of a fair trial. Having found no error with the issues addressed by the Oklahoma Court of Criminal Appeals, the Court concludes there is no basis for a finding that cumulative error violated Petitioner's rights. Petitioner's objection, which references the "blatant disregard [of] a judge's ruling on a motion in limine" provides no basis for rejecting the Report and Recommendation.

---

[4] The Court interprets this as objection to issues (1), (5) and (7) of Petitioner's ineffective assistance of counsel claim. (Doc. No. 19, pp. 56-57)(setting forth Petitioner's ineffective assistance of counsel claims).

In Ground Fourteen Petitioner asserts that false testimony and altered evidence was used at trial, because the prosecutor failed to correct the testimony from a first responder regarding the number of stab wounds inflicted upon Mr. Goodwin.[5] The Oklahoma Court of Criminal Appeals concluded the claim was procedurally barred. This federal court may grant habeas relief on '"federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule'—only if the prisoner first demonstrates either cause for the procedural default and resulting prejudice or that failure to review the claim will result in a fundamental miscarriage of justice." *Nuckolls v. Crow*, No. 18-cv-0288-TCK-CDL, 2021 WL 1970023, * 7 (N.D. Okla. May 17, 2021)(citing *Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Petitioner's objection provides no basis for rejecting Judge Erwin's conclusion that he has not established either of these two such that it would be appropriate for the Court to review this claim.

Petitioner's final objection to the Report and Recommendation addresses Ground Fifteen which asserts an ineffective assistance of appellate counsel claim. The Report and Recommendation notes the recommendation with regard to Ground Eleven, also an ineffective assistance of counsel claim, specifically the finding that trial counsel was not ineffective in failing to challenge the admission of Officer Zerby's testimony regarding self-defense, despite the pretrial ruling on the motion in limine. Petitioner's objection again provides no basis for concluding that the Oklahoma Court of Criminal Appeals erred in

---

[5] The testimony was that Mr. Goodwin was stabbed eight times, when it was actually only seven stab wounds.

rejecting Petitioner's ineffective assistance of appellate counsel claim premised on its rejection of the claim that trial counsel was first ineffective for failing to raise the issue. Accordingly, the Report and Recommendation is adopted as to Ground Fifteen.

Rule 11 of the Rules Governing Section 2254 Proceedings states that the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). As set forth above, with regard to the claims addressed on the merits, Petitioner has failed to make such a showing and is not entitled to a certificate of appealability. To the extent the Court has concluded that Petitioner procedurally defaulted on certain claims, the Court declines to issue a certificate of appealability because reasonable jurists would not find this Court's determination of default debatable. *Id.*; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set forth above and in the Report and Recommendation issued by Magistrate Judge Erwin on April 29, 2021, the Petition is hereby DENIED. Judgment shall be entered accordingly.

**IT IS SO ORDERED** this 25th day of May 2021.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**